UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CEDRIC GREENE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-3279 (UNA) |
| | : | |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Cedric Greene's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* "Petition for Injunction and Civil Tort Complaint," ECF No. 1. The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Plaintiff's claims appear to arise from communications in 2019 with "[a] United States caseworker from a United States Senator" regarding his "subsidy housing concerns." Compl. at 2. The complaint does not identify either the caseworker or the Senator by name. *See id.* Plaintiff alleges that he received no response from the caseworker by September 24, 2019, depriving him of "an opportunity to present [an] emergency submission to the U.S. District Court in Colorado" prior to the imposition of "a Statewide Restriction in the Colorado system."[1] *Id.* at 2-3. The Court must dismiss Plaintiff's complaint.

---

[1] Here, Plaintiff presumably is referring to an order restricting Plaintiff's ability to proceed *pro se* in the United States District Court for the District of Colorado. *See Greene v. Off. of the Comptroller of the Currency*, No. 19-cv-00821, 2019 U.S. Dist. LEXIS 158500, at *8 (D. Colo. June 13, 2019), *aff'd*, 776 F. App'x 983 (10th Cir. 2019); *see also Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666 (10th Cir. 2018) (noting Plaintiff's "lengthy history of frivolous litigation in other courts, which has resulted in filing restrictions imposed on him in the Ninth Circuit, the Districts of Kansas and Utah, as well as federal district courts in California and Nevada").

Plaintiff appears to demand unspecified money damages from the United States for the alleged negligence of a member of a Senator's staff. *See id.* at 3. The Court construes the claim as one that ordinarily would proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-2680, which waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)). Assuming that the FTCA even applies in the circumstances of this case, the claim fails because Plaintiff does not meet the threshold requirement that a "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also id.* § 2671 (defining "Federal agency" to include "the . . . legislative branch[]"). This exhaustion requirement is jurisdictional, and absent any showing by Plaintiff that he has exhausted his administrative remedies, the Court lacks jurisdiction over this matter. *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445-46 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

An appropriate Order will issue separately.

DATE: November 9, 2023              ANA C. REYES
                                    United States District Judge